**United States District Court for the**
**Eastern District of Wisconsin**

**OMAR SOULIMANI,**
8949 N 97th St Apt. D226,
Milwaukee, WI 53224 US

Plaintiff,

Vs. CASE NO. 26 SC 78

**Velocity Investments, LLC,**
1800 ROUTE 34 NORTH
BLDG #3 STE 305
WALL , NJ 07719,
Registered Agent: CORPORATION SERVICE COMPANY
33 EAST MAIN STREET
SUITE 610
MADISON , WI 53703

-and-

**Gurstel Law Firm, P.C.**
6681 Country Club Drive,
Golden Valley, MN 55427,
Registered Agent: C T CORPORATION SYSTEM
301 S. BEDFORD ST. SUITE 1
MADISON , WI 53703

Defendants.

## Complaint

**Now comes the plaintiff Omar Soulimani by his attorney Briane Pagel** and as and for a complaint against the above-named defendants hereby alleges as follows:

1. Plaintiff is an individual Wisconsin citizen residing at the address listed in the caption above.
2. Defendant **Velocity Investments LLC** is upon information and belief a New Jersey based limited liability company with a principal place of business located at the address in the caption hereto. Upon information and belief, Velocity uses interstate instrumentalities including the mail, electronic mail, telephone and other interstate

intstruments in its business, and the principal if not sole purpose of the business of Velocity Investments is the collection of money from individuals, which individuals are alleged to have borrowed said money or otherwise gone into debt for their own personal, family or household purposes.

3. Defendant **Gurstel Law Firm PC** is upon information and belief a Minnesota-organized corporation with a principal place of business located at the address in the caption above. Upon information and belief Gurstel regularly attempts to collect money from individuals, which individuals are alleged to have borrowed said money or otherwise gone into debt for their own personal, family or household purposes, and which individuals allegedly owe the money to someone other than Gurstel.

**Jurisdiction and Venue:**

4. Venue is proper in this district because all relevant events happened in this district, and plaintiff resides in this district.
5. This Court has jurisdiction over this matter because plaintiff seeks damages exceeding $75,000, and all parties are citizens of different states. Further, this case involves a federal statute. The Court has supplemental jurisdiction over the state law claims alleged herein as they are factually related to the federal claims and are properly brought in diversity.

**Factual Allegations:**

6. Reallege and incorporate the foregoing as though set forth fully at this point.
7. On October 3, 2024, Gurstel, representing and on behalf of Velocity, filed a lawsuit for collection of a debt alleged to be owed by Soulimani. (The "first collection suit.")
8. The debt alleged in the first collection suit arose from a loan Soulimani was alleged to have taken out from a company known as "Upstart Loan" in 2021.
9. When Soulimani took out the Upstart Loan, he did so online, following a link through an app to apply for a loan.
10. Soulimani did not choose the amount of the loan, but instead relied on Upstart to suggest the amount, and Upstart suggested $6,000. Soulimani believed that borrowing $6,000 would result in a loan he could pay back, since he believed that Upstart was aware of his financial status and would not lend him money that it did not believe he could pay back.
11. Soulimani ultimately borrowed $6,800 from Upstart.

12. Soulimani did not know the interest rate of the loan before he agreed to pay it back, and did not know how much of the loan was actually an origination fee paid to Upstart.
13. When Soulimani learned the details of the loan, approximately 48 hours after it was disbursed, he contacted Upstart to try to cancel the loan. Upstart told him he could not cancel the loan and that even if he did he would have to pay the origination fee.
14. Soulimani was only able to keep up with payments for about 8 or 9 months, and fell behind.
15. Soulimani never received a notice that the loan had been accelerated or declared in default.
16. Soulimani never received any notice from Upstart that the loan had been assigned.
17. The first time Soulimani was aware that the debt had allegedly been assigned was when he learned that the first collection suit had been filed against him in 2024.
18. Soulimani was never served with the first collection suit. He learned of it by looking at online court records.
19. Soulimani was unsure whether he was required to respond to the first collection suit and so he appeared in court on the return date.
20. On the return date, before court, an agent for the defendants induced Soulimani to sign an "admission of service," in which Soulimani admitted service of the complaint and thus waived any defenses he might have based on insufficiency of service of process.
21. Defendants' agent did not tell Soulimani the effect of waiving service and did not give Soulimani a chance to review the admission or discuss it with a lawyer or other advisor.
22. When he appeared in court, Soulimani requested proof of the validity of the debt. Velocity, through Gurstel, agreed to provide that proof.
23. The first collection suit was thus adjourned to January 9, 2025, for further proceedings pending provision of the proof of validity.
24. Velocity never provided the proof. Instead, on January 8, 2025, Velocity through Gurstel filed a proposed order for dismissal. Gurstel did not give Soulimani any notice of this filing or opportunity to object.
25. Despite the fact that Soulimani had appeared in the action, defendants moved to dismiss the first collection suit via notice, rather than motion. Under Wisconsin law, a "notice of

dismissal" is only allowed "at any time before service by an adverse party of a responsive pleading."

26. In small claims court, a defendant may plead orally to the complaint, and Soulimani thus had already appeared and served his adverse pleading.
27. A defendant who has appeared can ask the Court to dismiss a case under conditions; in this case, Soulimani, had he been given proper notice and had defendants proceeded under the law, could have asked that the dismissal be with prejudice or that he be paid for his time missed from work.
28. Soulimani had to take time off of work on January 9, 2025 to go to court, only to learn that Gurstel had moved to dismiss the case and he need not have appeared.
29. Velocity next filed a suit (the "second collection suit"), using Gurstel as its lawyers, on February 12, 2026.
30. Velocity filed the second collection suit against Soulimani in Ozaukee County, despite knowing that Soulimani lived in Milwaukee County and despite having sued Soulimani in Milwaukee County in the first collection suit.
31. Soulimani had to monitor the second collection suit online, and was concerned about the possibility of having to respond to the complaint; he was worried that if he did respond, he might have to face suit in Ozaukee County, but that if he did not respond he might have a default judgment entered against him.
32. After making three efforts to serve Soulimani at an address in Ozaukee County, Velocity and Gurstel made no further effort to pursue the case, but did not move to dismiss the case either.
33. Instead, on March 26, 2026, Gurstel and Velocity wrote to the Court acknowledging that they had not served Soulimani, but asking that the case be adjourned to a later date.
34. The Ozaukee County court then adjourned the matter to May 6, 2026, sending notice of that new date on April 16, 2026.
35. Upon information and belief, Velocity and Gurstel made no effort to serve Soulimani between March 26, 2026 and May 6, 2026.
36. On May 5, 2026, Velocity and Gurstel filed a "Notice of Dismissal" in the second collection suit. This dismissal was also without prejudice, raising the prospect that Velocity and Gurstel might try to sue Soulimani yet a third time.

37. The Circuit Court for Ozaukee County dismissed the second collection suit on May 5, 2026.
38. As with the first collection suit, defendants dismissed the second suit without prejudice.
39. Under Wisconsin law, "a notice of dismissal operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court an action based on or including the same claim."
40. Defendants did not inform the Ozaukee Circuit Court that they had previously dismissed the action in Milwaukee County Circuit Court, and thus lacked the right to seek a dismissal without prejudice.
41. During the time that the second collection suit was pending, Velocity and Gurstel were sending mail to Soulimani at his actual address, in Milwaukee County.

**First Cause of Action:**
**Illegal Contract Provisions:**

42. Reallege and incorporate the foregoing as though set forth fully at this point.
43. The contract on which Velocity and Gurstel rely to seek to enforce this debt contains provisions prohibited by Wisconsin law, to wit:
    a. The contract includes definitions of default which are not allowed under the Wisconsin Consumer Act, and
    b. The contract includes a requirement that the borrower be responsible for payment of attorney's fees at two different clauses, and
    c. The contract purports to apply Utah law, rather than Wisconsin law, and
    d. The contract purports to waive a right to punitive or exemplary damages in arbitration.
44. The contract thus violates sections 421.106(1), Wis. Stats. (Prohibiting contractual waivers of rights), 421.201(10)(a), Wis. Stats. (Voiding clauses which attempt to apply the law of another state), 422.411(1), Wis. Stats. (Prohibiting clauses which "provide for the payment by the customer of attorney fees) and 425.103(2), Wis. Stats. (Defining "default" for consumer credit transactions).
45. The contract further is unconscionable within the meaning of section 425.107, Wis. Stats.

**Second Cause of Action:**
**Illegal Venue:**

46. Reallege and incorporate the foregoing as though set forth fully at this point.
47. The second collection suit was filed in a venue that was improper under both federal and state law.
48. Defendants knew or should have known that venue was improper in the second collection suit.
49. Defendants did not seek to transfer the suit or otherwise correct venue.
50. Defendants' conduct thus violates 15 USC 1692e, 1692f, and 1692i, as well as violating sections 421.401, 425.302, and 427.104, Wis. Stats.

## Third Cause of Action: Illegal Demand For Attorney's Fees:

51. Reallege and incorporate the foregoing as though set forth fully at this point.
52. In the first collection suit, defendants added a supplement to the form complaint used in small claims cases.
53. In the supplement to the form complaint in the first collection suit, the defendants demanded "attorney fees, as allowed by law."
54. The defendants in the second collection suit likewise supplemented the form complaint, and again demanded "attorney fees, as allowed by law."
55. Defendants appended to each collection complaint a contract which by its terms asserted a right to seek actual attorney's fees under a state law that allows such claims.
56. Defendants' demand for attorney's fees thus violated 15 USC 1692e, 1692f, and 1692i, as well as violating section 427.104, Wis. Stats.

## Fourth Cause of Action: Claiming A Continued Right To Sue:

57. Reallege and incorporate the foregoing as though set forth fully at this point.
58. In dismissing the second collection suit without prejudice, defendants are claiming a right to continue to try to collect the debt.
59. Under Wisconsin law, the dismissal of the second suit was by law an "adjudication on the merits," and the dismissal means that defendants forever lost the right to seek to collect the debt represented by the second collection suit.

60. By seeking to dismiss without prejudice, and by their actions following that dismissal which upon information and belief include but are not limited to reporting the debt as still owed, making demands for payment of the debt from Soulimani, and taking over actions which are intended to help in collecting the debt, defendants violated 15 USC 1692e, 1692f, and 1692i, as well as violating sections 421.401, 425.302, and 427.104, Wis. Stats.

**Fifth Cause of Action:**
**Suing Prior To Notice Of Assignment:**

61. Reallege and incorporate the foregoing as though set forth fully at this point.
62. Upon information and belief, defendants filed each collection suit and otherwise demanded payment from plaintiff on the debt before Soulimani was given a statutorily-compliant notice of assignment of the debt to Velocity.
63. Under Wisconsin law, Soulimani has an absolute right to go on paying the original creditor until he receives such an assignment.
64. Reallege and incorporate the foregoing as though set forth fully at this point.
65. Defendants' filing of two lawsuits before a notice of assignment was given was dishonest in that Defendants sought to gain an unfair advantage over Soulimani regarding payment of the debt by misrepresenting the legal status of the debt and its right to demand payment directly.
66. Defendants' demand for payment from Soulimani when Soulimani by statute has a right to pay the original creditor unless and until a statutorily-compliant notice of assignment is provided to him by the original creditor, falsely and misleadingly claims a right to payment in full and to sue when no such right exists, because Soulimani has and had a legal right to go on paying the original creditor, so Defendants' remedies were limited to waiting for the original creditor to forward payment.
67. Defendants assumed or hoped that Soulimani was unaware of his right to go on paying the original creditor, and thereby hoped that it could force Soulimani to pay by threat of litigation even though Soulimani was under no legal obligation to pay them.
68. Defendants' filing of a lawsuit against Soulimani without first ensuring he was given a notice of assignment was outside the bounds of reasonable commercial dealing.

69. Defendants' filing of a lawsuit before sending the notices was outside the bounds of reasonable commercial behavior and done in an attempt to gain advantage over Soulimani because reasonable businesses make an attempt to comply with the law. Defendants opted instead to make minimal efforts to investigate or comply with Wisconsin law, doing so because it would upon information and belief be less expensive for Defendants to occasionally defend efforts to dismiss cases than to ensure compliance with Wisconsin law, and because Defendants upon information and belief assumed that relatively few consumers would fight them regarding the notice requirements of state law.
70. Defendants' filing of a lawsuit before sending the notices was outside the bounds of reasonable commercial behavior and done in an attempt to gain advantage over Soulimani because reasonable businesses would rather keep a customer engaged in a positive or neutral way with the company than make relations between the two parties hostile, because (among other reason) doing so may increase the company's profit by encouraging payment without having to employ lawyers, will avoid litigation costs and expenses, will avoid the customer complaining to others or generating ill will against the company. Defendants however, opted to ignore those reasonable commercial practices in order to try to force Soulimani to pay involuntarily.
71. Defendants further acts unreasonably because its approach to business means that it will incur greater costs in the enforcement of the debt; Defendants have to pay lawyers and court costs, often in advance, and thus incurs significant costs in the collection of debts without ever inquiring whether the customer would or could pay in installments over time without the threat of litigation.
72. Because Soulimani has a right to go on paying the original creditor until he receives from the original creditor a notice of assignment, Defendants lacked the right to demand payment from Soulimani.
73. Because Soulimani has a right to go on paying the original creditor until he received from the original creditor a notice of assignment, Defendants' demand letter and filing of the two collection suits are communications and/or other conduct which can reasonably be expected to threaten and harass Defendant.
74. Defendants' conduct accordingly violates section 421.108, Wis. Stats. and 15 USC 1692d, 1692e, and 1692f.

**Seventh Cause of Action:**
**Unconscionable Conduct:**

75. Reallege and incorporate the foregoing as though set forth fully at this point.
76. The conduct by defendants as alleged herein, as well as the conduct of the original creditor for which defendant Velocity is liable under the note and under Wisconsin law, takes unfair advantage of consumers such as Soulimani, causes them to waive legal rights they have, causes them to misunderstand the transaction and otherwise constitutes unfair and unconscionable conduct in violation of section 425.107, Wis. Stats.

**Damages and Remedies:**

77. Reallege and incorporate the foregoing as though set forth fully at this point.
78. Defendants' conduct as alleged herein was intentional and done with an intentional disregard of Soulimani's rights. If Soulimani is awarded any damages under state law, he is also entitled to an award of punitive damages.
79. Defendants' conduct as alleged herein caused serious and substantial harm to Soulimani including making him miss work to appear in court, causing him to set aside money and keep money in reserve to pay the debt that he otherwise would have spent on other bills or activities, eliminating his ability to verify the validity and amount of the debt and determine whether he should pay the debt or not, thereby keeping the debt potentially active and reportable on his credit as owing, and causing him anxiety, loss of sleep, loss of appetite, difficulty concentrating and other emotional distress.
80. Soulimani is further entitled to have the Court take action to limit the unconscionable aspects of the transaction, including but not limited to: reopening the Ozaukee County case and having the matter dismissed with prejudice, deleting the tradeline from any consumer credit reports in which it has appeared and not re-reporting it, notifying the original creditor that the debt is no longer owed and that the consumer report by the creditor should be updated to reflect that, and any other relief to which Soulimani is entitled of which is just and equitable.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES IN THIS ACTION.

Dated: August 5, 2026.

**Pagel Law Firm**
Attorney for Plaintiff
*Electronically signed by:*

*/s Briane Pagel*
Bar no: 1025514

Contact:
PO Box 620104
Middleton WI 53562
(608) 206-4324
briane@pagellawfirm.com